IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-00572-PAB

ANGIE MANZANARES,

    Plaintiff,

v.

CITY OF AURORA CODE ENFORCEMENT,
MANUEL DANGERFIELD,
JOSHUA KING, and
SANDRA YOUNGMAN,

    Defendants.

---

## ORDER

---

The Court takes up this matter *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Because removal was improper, the case is remanded to the state court for further proceedings.

## I. BACKGROUND

On February 8, 2023, plaintiff Angie Manzanares filed a complaint in the County Court for Arapahoe County, Colorado against defendants City of Aurora Code Enforcement, Manuel Dangerfield, Joshua King, and Sandra Youngman. Docket No. 3 at 1. On March 3, 2023, defendants removed the case to this Court, asserting jurisdiction under 28 U.S.C. § 1331. Docket No. 1 at 2.

## II. LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.

§ 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  As noted above, defendants allege that the Court has federal question jurisdiction over this case.

"Federal district courts must strictly construe their removal jurisdiction." *Env't. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  It is well settled that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  There is a presumption against removal jurisdiction. *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, No. 15-cv-0467-WJM-KMT, 2016 WL 8234667, at *6 (D. Colo. Sept. 13, 2016) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).  "[A]ll doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).  Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.*" Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (citation omitted).  Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court.  *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

### III.  ANALYSIS

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted).  In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).  To find removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  *Fajen*, 683 F.2d at 333 (internal quotation marks omitted).

In the present case, Ms. Manzanares' state court complaint alleges that defendants "violated [her] civil rights."  Docket No. 3 at 1.  However, Ms. Manzanares does not state that she is alleging a violation of her federal civil rights, and her complaint contains no allegations that reference federal law.  *See generally id*.  Thus, on its face, Ms. Manzanares' complaint presents no basis for removal under 28 U.S.C. § 1331.  *See Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) (no right to removal on face of plaintiff's complaint, which "[did] not invoke any federal laws," "[made] no mention of a federal law," and did not "allege that the cause [arose] under any such law").

"For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus*, 440 F.3d at 1232). Ms. Manzanares' claim that defendants violated her civil rights could properly be brought under Colorado state law. Because Ms. Manzanares' cause of action does not indicate that it is based on federal law and because there is no indication that her right to relief depends on the resolution of a substantial question of federal law, it does not appear from the face of her complaint that her claim is removable under 28 U.S.C. § 1331. For these reasons, the Court concludes that it does not have subject matter jurisdiction over this case and will remand it to state court.

## IV. CONCLUSION

It is

**ORDERED** that defendants' Motion to Consolidate [Docket No. 5] is **DENIED**. It is further

**ORDERED** that this case is remanded to the District Court for Arapahoe County, Colorado, where it was filed as Case No. 2023C100106. It is further

**ORDERED** that this case is closed.

DATED March 9, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge